NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KWESI HUDSON, | : | |
| | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | Civil Action No. 05-CV-299 (DMC) |
| FRAN GREENE, CORRECTIONAL | : | |
| MEDICAL SERVICES, SERGEANT C. | : | |
| ENNALS, SCO. NOCK, DEPARTMENT | : | |
| OF CORRECTIONS, | : | |
| | | |
| Defendants. | | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendants' Sergeant C. Ennals and Sco. Nock ("State Defendants") motion for judgment on the pleadings, and said Defendants' motion to dismiss *pro se* Plaintiff Kwesi Hudson's ("Plaintiff") Complaint for failure to comply with discovery. Defendants Fran Greene and Correctional Medical Services ("CMS Defendants") join in the motion to dismiss. No oral argument was heard pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendants' motions are **granted**.

## I. BACKGROUND

Plaintiff filed the Complaint in the instant action on January 13, 2005, against Defendants Fran Greene, Correctional Medical Services, Sergeant C. Ennals, Sco. Nock, and the Department of Corrections, alleging a violation of his Eight Amendment rights pursuant to 42 U.S.C. §1983. The CMS Defendants filed an Answer on May 18, 2005. On July 6, 2005, the State Defendants

filed an Answer and Cross-Claim against the CMS Defendants.  The State Defendants filed the motion for judgment on the pleadings on November 18, 2005, and the motion to dismiss for Plaintiff's failure to cooperate with discovery on February 17, 2006.  The CMS Defendants joined the State Defendants motion to dismiss on March 9, 2006.  Plaintiff has not filed opposition to any of the motions.

The Court accepts as true the factual allegations in Plaintiff's Complaint for the purposes of this motion.  The instant action arises from a series of events that took place during Plaintiff's incarceration at South Woods State Prison.  (Comp. p.4.)  On October 20, 2004, at approximately 5:20p.m., Plaintiff punched a hole in the wall of his cell and broke his hand. (Comp. p.6; Plaintiff's letter to Clerk of the Court dated December 21, 2004 ("Letter"), p.2.)  At approximately 5:30p.m., Plaintiff approached Sco. Nock, the unit officer, explained the cause of his injury, and requested an infirmary pass.  (Letter p.2.)  Plaintiff was not given a medical pass and instead was transported to a "lock-up" cell.  (Id.)  Plaintiff claims that he informed Sgt. Ennals of his injury while he was in the detention cell.  (Comp. p.6.)  At approximately 6:30p.m., Plaintiff was visited by Nurse Kim Cochran who cleaned and bandaged his hand.  (Letter p.2.) Nurse Practitioner Fran Greene was then called to assess Plaintiff's injury.  (Id.)  Plaintiff claims that Nurse Greene stipulated that he was okay and did not require treatment.  (Id. at 3.)  Plaintiff requested an x-ray from Nurse Greene and was relocated to detention.  (Id.)  While being held in detention, Plaintiff was seen by a medic "at least twice daily' for treatment of his diabetes.  (Id.) Plaintiff continued to complain about excruciating pain in his hand.  (Id.)  He requested pain medicine and that his hand be x-rayed but these requests were denied.  (Id.)  Plaintiff's hand was x-rayed on October 27, 2004.  His hand was placed in a cast.  (Id.)

## II. DISCUSSION

### A) Motion for Judgment on the Pleadings

#### 1) Rule 12(c) Standard

The State Defendants move for judgment on the pleadings pursuant to Fed. R. Civ P. 12(c). The standard for a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b). See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir.2004) ("There is no material difference in the applicable legal standards").

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations in the Complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Worth v. Selden, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1988); Robb v. Philadelphia, 733 F.2d 286, 290 (3d Cir. 1984). In evaluating a Rule 12(b)(6) motion to dismiss, a court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). All reasonable inferences, however, must be drawn in the plaintiff's favor. See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir.1987). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See Fed. R. Civ. P. 8(a)(2); Conley v. Gibson, 355

U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "The defendant bears the burden of showing

that no claim has been presented." <u>Hedges v. United States</u>, 404 F.3d 744, 750 (3d Cir.2005).

Additionally, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a).  Due to an understandable difference in legal sophistication, a complaint

drafted by a *pro se* litigant must be held to a less exacting standard than a complaint drafted by

trained counsel.  <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  Nonetheless, a court should dismiss the

case pursuant to Rule 8(a), "if a *pro se* complaint is so confusing or unintelligible that no party

could possibly understand or reply to it."  <u>Cole v. Commonwealth Federal</u>, 1994 WL 618464, *1

(E.D.Pa.); <u>citing</u> <u>King v. Fayette County</u>, 92 F.R.D. 457, 458 (W.D.Pa.1981); <u>Brown v. Califano</u>,

75 F.R.D. 497 (1977).

### *2) Analysis*

In support of their motion for judgment on the pleadings, the State Defendants argue that

1) they were not deliberately indifferent to Plaintiff's medical needs, 2) the damages claims

against the State Defendants are barred by the Eleventh Amendment, and 3) the State Defendants

in their official capacities are not "persons" amendable to suit under 42 U.S.C. § 1983.

<u>i) Deliberate Indifference</u>

Plaintiff invokes the jurisdiction of the Court pursuant to 42 U.S.C. § 1983.  Section 1983

authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a

person who was acting under color of state law.  To recover under Section 1983, a plaintiff must

show two elements: (1) a person deprived or caused him to be deprived of a right secured by the

Constitution or laws of the United States, and (2) the deprivation was done under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

Prison systems have a duty to provide prisoners with adequate medical care.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  "It is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."  Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citations and internal quotations omitted).  However, prison authorities are afforded considerable latitude in the diagnosis and treatment of prisoners.  See Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d. Cir. 1979) (claim for deliberate indifference does not arise just because one doctor disagrees with the diagnosis of another.)  As such, for a prisoner to succeed in an action claiming inadequate medical treatment, a prisoner must show more than negligence; he must show "deliberate indifference" to a serious medical need.  Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993)(quoting Estelle at 104-106.)

In support of his allegations, Plaintiff claims that the State Defendants exhibited deliberate indifference to his medical needs by failing to take an x-ray of his hand when he claimed it was broken.  (Comp. p.6.)  However, Plaintiff's Complaint indicates that the State Defendants provided Plaintiff with access to medical treatment and that he received medical care. Plaintiff was seen by Nurse Kim Cochran within an hour of his being placed in detention. He was also treated by Nurse Greene shortly thereafter.  Further, Plaintiff, by his own admission, was seen by a medic at least twice daily while held in detention.  Plaintiff's hand was x-rayed and

-5-

placed in a cast on October 27, 2005.

The Third Circuit addressed a similar situation in <u>Durmer</u>, where it affirmed as proper the granting of summary judgment in favor of non-physician prison administrators.  991 F.2d at 69. The Circuit reasoned that because the defendants were not physicians, they could not be "considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who already was being treated by the prison doctor."[1]  <u>Id.</u>  The Circuit further explained its reasoning in <u>Spruill v. Gillis</u>, 372 F.3d 218, 236 (3d Cir. 2004), stating: "if a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands...[A]bsent a reason to believe (or actual knowledge) that prison doctors are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with...deliberate indifference."  Additionally, in <u>Estelle</u>, the Supreme Court instructed that mere negligence on the part of prison officials does not constitute a violation of the Eight Amendment.  429 U.S. 97, 106 (1977); see also <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994) (reiterating Estelle's distinction between deliberate indifference to serious medical needs and "mere negligence").

As in <u>Durmer</u>, the State Defendants are not physicians and thus cannot be considered deliberately indifferent to Plaintiff's medical needs because the facts indicate that Plaintiff was under the care of medical professionals.  As such, State Defendants Ennals and Nock should be dismissed from this action.

ii) Sovereign Immunity

---

[1]The Court also noted that "respondeat superior is, of course, not an acceptable basis for liability under § 1983."  <u>Id.</u> at 69, fn.14 (citing <u>Polk County v. Dodson</u>, 454 U.S. 312, 325.)

State Defendants also argue that Plaintiff's claims for damages against Sgt Ennals and Sco Nock in their official capacity  must be dismissed as barred by New Jersey's sovereign immunity under the Eleventh Amendment.  Sovereign immunity applies to state agencies and state officials acting in their official capacities where it is shown that "the state is real, substantial party in interest." Bennett v. City of Atlantic City, 288 F.Supp.2d 675, 683 (D.N.J. 2003)(quoting Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459 (1945)).  A defendant bears the burden of proving that it is entitled to sovereign immunity.  See Chisolm v. McManimon, 275 F.3d 315, 323 (3d Cir. 2001).  In making the determination of whether a defendant enjoys sovereign immunity, a Court must properly consider: (1) whether payment of a judgment would come from the state treasury; (2) the status of the entity under state law; and (3) the entity's degree of autonomy.  The first factor is generally given the most weight, although no one factor is determinative.  See Bennett, 288 F.Supp. 2d at 681 (citing Chisolm, 275 F.3d at 323).

Two exceptions exist to sovereign immunity.  First, a state can consent to suit in federal court.  Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 (1985).  Second, Congress can abrogate state sovereign immunity "in the exercise of its power to enforce the Fourteenth Amendment." See Antonelli at 713 (quoting College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999)).  Neither exception is applicable to the instant action.

Defendants Ennals and Nock, in their role as prison officers of the State of New Jersey, are entitled to sovereign immunity under the Eleventh Amendment.  As such, the claims against them in their official capacities must be dismissed.

-7-

In light of the above, the Court finds it unnecessary to address State Defendants' third argument. All claims against the State Defendants are dismissed.

## B) Motion to Dismiss for Failure to Cooperate with Discovery

The Court has concluded, *supra*, that Plaintiff's claims against the State Defendants must be dismissed on the merits. Therefore, State Defendants' motion to dismiss for failure to cooperate with discovery is moot. However, the CMS Defendants joined in the motion to dismiss, and thus the Court will address the arguments raised as they apply to the CMS Defendants.

The State Defendants rely upon the Affidavit of Sarah Campbell, Esq. for support for the motion to dismiss. In the affidavit, Ms. Campbell details her numerous attempts to contact the Plaintiff to conduct discovery and his repeated lack of response. On September 30, 2005, the State Defendants served an initial set of Interrogatories and Request for Production of Documents upon Plaintiff. (Camp. Aff., ¶9, see also Exhibit A.) On October 31, 2005, Plaintiff having not responded to these discovery requests, Ms. Campbell wrote a letter to Plaintiff advising him of her intention to seek the guidance of the Court should he fail to provide discovery by November 23, 2005. (Camp. Aff., ¶10, see also Exhibit B.) Ms. Campbell filed a motion to compel Plaintiff's participation in discovery and alternatively the instant motion to dismiss for failure to cooperate with discovery on December 1, 2005. (Camp. Aff., ¶13.) On January 18, 2005, the Court issued a Scheduling Order and instructed Defendants to send a copy of the Order and the initial discovery demands to Plaintiff by certified mail with return receipt and ordered Plaintiff to respond by February 13, 2006. The Order also extended the time for

discovery to March 13, 2006.  On January 20, 2006, Ms. Campbell sent a copy of the Scheduling

Order and the State Defendants' discovery requests to Plaintiff by regular and certified mail.

(Camp. Aff., ¶15, see also Exhibit C.) Ms. Campbell has provided the Court with copies of the

return receipt showing proof of delivery.  Also, the regular mail was not returned to her office.

By way of letter to the Court, the CMS Defendants noted that Plaintiff has also failed to respond

to their discovery requests.

The Court notes that as of the date of this Opinion, Plaintiff has failed to comply with his

discovery obligations as well as with the Scheduling Order issued by the Hon. Mark Falk,

U.S.M.J. on January 18, 2006.  Plaintiff's disregard of Defendants' interrogatories and motions to

dismiss renders this Court unable to ascertain the meritoriousness of his claim as to the CMS

Defendants. Accordingly, Plaintiff's failure to respond to Defendants' requests for discovery,

comply with Court Orders, and otherwise prosecute his case merits dismissal for failure to

prosecute pursuant to Rule 41(b).

### III. CONCLUSION

Based on the foregoing, State Defendants' motion for judgment on the pleadings is

**granted**, State Defendants and CMS Defendants motion to dismiss for Plaintiff's failure to

comply with discovery is **granted**, and Plaintiff's Complaint is dismissed in its entirety.  An

appropriate Order accompanies this Opinion.

Date:          March 31, 2006                        S/   Dennis M. Cavanaugh
                                                    Dennis M. Cavanaugh, U.S.D.J.

Original:      Clerk's Office
cc:            All Counsel of Record
               File